Martins v. Pidot et. al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
　　　　　BARRINGTON D. PARKER,
　　　　　DEBRA A. LIVINGSTON,
　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

JACK MARTINS,
　　　　Defendant-Intervenor-
　　　　Appellant,

　　　　-v.-　　　　　　　　　　　　　　16-3028

PHILIP PIDOT, NANCY HAWKINS, STEVEN AXELMAN,
　　　　Plaintiffs-Appellees,

　　　　AND

NEW YORK STATE BOARD OF ELECTIONS, SUFFOLK COUNTY BOARD OF ELECTIONS, NASSAU COUNTY BOARD OF ELECTIONS, BOARD OF ELECTIONS IN THE CITY OF NEW YORK, PETER KOSINSKI, DOUGLAS

1

**KELLNER, ANDREW J. SPANO, GREGORY P. PETERSON, TODD D. VALENTINE, ROBERT A. BREHM, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS, COMMISSIONERS, AND EXECUTIVE DIRECTORS OF THE NEW YORK STATE BOARD OF ELECTIONS,**

**<u>Defendants-Appellees</u>**

**<u>AND</u>**

**TOM SUOZZI**

**<u>Intervenor-Appellee</u>**[*]

- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT JACK MARTINS:** JASON TORCHINSKY, SHAWN TOOMEY, STEVE ROBERTS, Holtzman Vogel Joesefiak Torchinsky PLLC, Warrenton, Virginia

PAUL DEROHANNESIAN, DANIELLE R. SMITH, DerOhannesian & DerOhannesian, Albany, New York

**FOR APPELLEES PHILLIP PIDOT, NANCY HAWKINS, STEVEN AXELMAN:** JERRY H. GOLDFEDER, DAVID V. SIMUNOVICH, Stroock,& Stroock & Lavan LLP, New York, New York

**FOR APPELLEE BOARD OF ELECTIONS IN THE CITY OF NEW YORK:** JANET L. ZALEON, *for Zachary W. Carter*, Corporation Counsel of the City of New York, New York, New York (Susan Greenberg, <u>on the brief</u>)

---

[*]The Clerk of Court is directed to amend the caption as set forth above.

**FOR APPELLEES NEW YORK STATE BOARD OF ELECTIONS, PETER KOSINSKI, DOUGLAS KELLNER, ANDREW J. SPANO, GREGORY P. PETERSON, TODD D. VALENTINE, ROBERT A. BREHM, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS, COMMISSIONERS, AND EXECUTIVE DIRECTORS OF THE NEW YORK STATE BOARD OF ELECTIONS:**

BRIAN QUAIL, WILLIAM MCCANN, JR, New York, New York

**FOR APPELLEE TOM SUOZZI:**

ABHA KHANNA, MARTIN E. GILMORE, Perkins Coie LLP, New York, New York

Appeal from judgment of the United States District Court for the Northern District of New York (Scullin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the injunction of the district court be **VACATED**, and that the case is remanded with direction to dismiss.

This appeal, heard on an expedited basis, is taken from an injunction that directs a special election for the Republican nomination to stand for Congress in the Third Congressional District of New York. Appellant Jack Martins stood unopposed in the Republican general primary on June 28 while litigation was ongoing in the New York state courts as to whether a potential opponent for the Republican nomination, Phillip Pidot, had submitted sufficient signatures to get on the ballot. The signatures on Pidot's

petition were validated by the state court four days before the primary, by which point it was found to be impossible to make the arrangements for Pidot to appear on the ballot and to arrange compliance with the other requirements of state and federal law. After the original primary date, the United States District Court for the Northern District of New York (Scullin, J.) issued an injunction requiring that the primary election, with Pidot now on the ballot, be conducted on October 6.

Appellant Martins challenges the injunction on several grounds, including voter confusion, the burden holding an election would place on the local boards of election, and the brevity of the interval between the new primary and the general election.

We conclude that Martins has standing to appeal the district court's order; that the Rooker-Feldman doctrine does not apply because Pidot was a state court *winner*, and, in any event, did not invite review of the state court's legal judgment; that collateral estoppel is not a bar to this suit, in part because the district court found no privity between Pidot and the voter plaintiffs and in part because the issues involved in the federal action--i.e. UOCAVA and the First Amendment--were neither actually litigated nor necessarily decided in the state action; and

4

that Pidot has not precipitated delays sufficient to entail the application of the doctrine of laches.  We assume arguendo that Pidot's suit is not barred by res judicata.

Our review of the record indicates that the district court's resolution of Pidot's application for an  injunction failed to address the applicable injunction standards.

A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm, (2) a likelihood of success on the merits, and (3) that issuance of an injunction is in the public interest.  See New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 650 (2d Cir. 2015).  The district court's decision here to order a special primary is a form of permanent injunction.  See Pope v. County of Albany, 687 F.3d 565, 569-70 (2d Cir. 2012). "The requirements for a permanent injunction are essentially the same as for a preliminary injunction, except that the moving party must demonstrate actual success on the merits." New York Civil Liberties Union v. New York City Transit Auth., 684 F.3d 286, 294 (2d Cir. 2011).  We properly reverse an order of a permanent injunction where the district court decision rests on an error of law.  Pope, 687 F.3d at 570-71.

Our decision in Rivera-Powell v. New York City Board of Elections, 470 F.3d 458 (2d Cir. 2006), forecloses Pidot's

5

claim. After review, we conclude that Martins did not waive his Rivera-Powell argument in the district court, and that we can construe Pidot's First Amendment claim in this case as analogous to a due process claim, as was done in Rivera-Powell itself. Id. at 469. Under Rivera-Powell, "when a candidate raises a First Amendment challenge to his or her removal from the ballot based on the allegedly unauthorized *application* of an admittedly valid restriction," such as here, "the state has satisfied the First Amendment if it has provided due process." Id. at 469-70. Pidot does not allege that the state failed to afford him due process. We therefore vacate the injunction on that ground.

Further, Pidot failed to establish--and the district court failed to find--that the balance of equities tipped in his favor or that the injunction would be in the public interest. Accordingly, Pidot is not entitled to the injunctive relief which he seeks.

For the foregoing reasons, and finding no merit in Pidot's other arguments, we hereby **VACATE** the order of the district court and direct the court to enter judgment in favor of the defendants.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK